UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SYRIS T. BIRKLEY,

          Plaintiff,

v.                                                Case No. 22-cv-1313-pp

STATE OF WISCONSIN
and JOHN/JANE DOES,

          Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND GIVING THE PLAINTIFF A DEADLINE BY WHICH TO FILE AN AMENDED COMPLAINT**

---

      Syris T. Birkley, who was incarcerated at the Milwaukee County Jail at the time of the relevant events and who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On December 14, 2022, the court ordered that the plaintiff was not required to pay an initial partial filing fee. Dkt. No. 7. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

2

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff has sued the State of Wisconsin and John/Jane Does. Dkt. No. 1 at 1. At the time he filed the complaint (November 4, 2022), he alleged that he had been confined at the Milwaukee County Jail since December 18, 2018. Id. at 2. The plaintiff asserts that a police officer arrested him on that date for allegedly committing armed robbery at a Target store. Id. at 2-3. He identifies a case number—2018CF005627. Id. The plaintiff says that he did not

do it and that police officers framed him, kidnapped him and falsely imprisoned him. Id. at 3.

The plaintiff alleges that at the jail, he was subjected to "corporal punishment, cruel [and] unusual punishment, negligence, misconduct, deliberate indifferen[ce], assault and battery, etc."[1] Id. He states that he had been choked while in restraints, tased, sprayed with mace, placed in "4D seg" for seven to nine months at a time, forced to sleep on a brick for eleven hours without a mattress and placed on suicide watch with no clothes and no shoes for days. Id. at 4. The plaintiff also alleges that staff told him if he did not eat food that violated his religious diet, he would stay on suicide watch. Id. He says that when he protested "not to eat/get a COVID shot," staff placed him on Unit 6A for months which they ran like "4D seg" and where they did not allow him out of his cell for one hour a day. Id. The plaintiff alleges that, while on Unit 6A, he could not get canteen, hygiene items and legal materials. Id. He states that staff gave a white man a "pre-sealed kosher meal diet" but that he could not get one because he is Black and that they gave him a vegan veggie diet. Id. The plaintiff also alleges that jail staff refused him recreation/gym for months. Id.

The plaintiff alleges that if the Milwaukee Police Department had not lied in their police report, and if the judges had "acted in a judicial capacity [sic], A.D.A. as will [sic]," he wouldn't have been in jail and would not have been

---

[1] The plaintiff said that he could prove everything, but that he didn't have dates, times and names at the time he filed the complaint because jail staff refused to give him his grievances. Dkt. No. 1 at 3.

4

subjected to the "severe punishment and torment" at the jail from December 18, 2018 to February 7, 2022. Id. at 5. The plaintiff states that on February 7, 2022, his criminal case was dismissed.[2] Id.

For relief, the plaintiff seeks $7.7 million. Id. at 6. He also wants to change the conditions in the jail so that rooms are open every day, the gym is open every day, proper Kosher diet pre-sealed package meals are given to all Jews and correctional officers receive mental assessments/training on how to conduct themselves and not knowingly break the law. Id.

C.   Analysis

While it is appropriate for a plaintiff to file several claims against the same defendant, a plaintiff cannot bring unrelated claims against different defendants in the same case. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and

---

[2] The Wisconsin Circuit Court Access Program contains the publicly available docket for State v. Birkley, 2018CF005627 (Milwaukee County Circuit Court). Available at https://wcca.wicourts.gov. The docket confirms the plaintiff's assertion that on November 29, 2018, a complaint was filed charging him with armed robbery with the use of force, party to a crime. An arrest warrant was issued the same day, and the plaintiff first appeared on December 20, 2018; he was in custody. Although a cash bond was set, the plaintiff continued to be held in custody, likely because he was not able to post the bond. On April 5, 2021, after the plaintiff had been in pretrial custody for almost a year and a half, the court converted the cash bond into a signature bond and the plaintiff was turned over to Justice Point for monitoring. A bench warrant issued three weeks later, but was vacated. Another bench warrant issued on September 20, 2021, but was withdrawn. As the plaintiff says, the docket reflects that on February 7, 2022, the court dismissed the case because although it had been scheduled for trial, the State was not prepared to proceed. Id.

involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); George, 507 F.3d at 607; Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions").

The plaintiff's complaint violates Rules 18 and 20 because it attempts to bring unrelated claims against multiple defendants (whom he sues as John/Jane Does). Any claims arising from the circumstances surrounding the plaintiff's *arrest* must be brought in a separate case from claims arising from his *confinement at the jail.* The same is true for any claims of malicious prosecution or judicial misconduct relating to the plaintiff's prosecution—those must be brought in a separate case from the claims about the conditions of his confinement at the jail. The plaintiff also raises several different claims about his time at the jail that also must be brought in separate cases. It appears that the plaintiff attempts to raise (1) an excessive force claim based on allegations that he was tazed and sprayed with mace while in restraints, (2) a conditions of confinement claim based on the conditions he describes for his time in "4D seg," (3) a separate conditions of confinement claim based on allegations regarding his time on Unit 6A, (4) a First Amendment free exercise of religion claim based on allegations that staff forced him to eat meals that violated his religious diet and (5) an equal protection claim based on allegations that staff would not give him his religious meal because he is Black.

6

When a plaintiff has improperly joined unrelated claims against unrelated defendants, the court must reject the complaint "either by severing the action into separate lawsuits or by dismissing the improperly joined defendants." Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (citing Fed. R. Civ. P. 21). Rather than this court deciding which claims to sever (remove from the case) or which defendants to dismiss, the court will give the plaintiff an opportunity to choose which of the above-described unrelated claims he wants to pursue in this case, and which he wants to bring in separate cases. The court will give the plaintiff a deadline by which to file an amended complaint that focuses on the related claim of his choice. If he wishes to pursue the other claims, he may file separate complaints regarding those claims.

If the plaintiff chooses to pursue claims of false arrest, he may wish to be aware that to prevail on a false arrest claim under §1983, he must show that there was no probable cause for the arrest. See, *e.g.*, Braun v. Vill. of Palatine, 56 F.4th 542, 548 (7th Cir. 2022); Neita v. City of Chi., 830 F.3d 494, 497 (7th Cir. 2016). If the plaintiff chooses to pursue claims of malicious prosecution or judicial misconduct against assistant district attorneys or state court judges, he may wish to be aware that "[p]rosecutors enjoy absolute immunity from federal tort liability . . . for their work as prosecutors," Greenpoint Tactical Income Fund LLC v. Pettigrew, 38 F.4th 555, 565 (7th Cir. 2022) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)), and judges are absolutely immune

for "judicial acts," Dawson v. Newman, 419 F.3d 656, 661 (7th Cir. 2005) (quoting Lowe v. Letsinger, 772 F.2d 308, 312 (7th Cir. 1985)).

If, by the deadline the court sets below, the plaintiff does not either file an amended complaint pursuing one of the several claims he alleged (or ask for more time to do so), the court will choose which claim to allow the plaintiff to pursue (likely an equal protection claim based on his allegations that staff would not give him his religious meal because he is Black) and will dismiss the improperly joined claims/defendants.

The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for his amended complaint. See Civil Local Rule 9(b). (E.D. Wis.). The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint.[3] He should use the spaces on pages two and three to explain the key facts supporting the claim he wishes to bring, and to describe which defendants he believes committed the violations that relate to that claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to facts in the previous complaint. If the plaintiff files an amended complaint in

---

[3] If the plaintiff still does not know the names of individual(s) involved in the claim he chooses to pursue in his amended complaint, he may designate the individual(s) as John or Jane Doe. The court will then allow him to use discovery to identify the actual names of the defendants.

time for the court to receive it by the deadline listed below, the court will screen it under 28 U.S.C. §1915A.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive* it by **June 30, 2023**. If the court receives an amended complaint by the end of the day on June 30, 2023, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive either an amended complaint or a request for more time to file one by the June 30, 2023 deadline, the court will allow the plaintiff to proceed only on an equal protection claim against a John/Jane Doe defendant based on allegations that jail staff did not give him religious meals because he is Black.

The court **ORDERS** that the plaintiff must pay the $350 filing fee to the clerk's office over time as he is able.

The court **ORDERS** that the plaintiff must file all pleadings and attachments with the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 9th day of June, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**