UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SYRIS T. BIRKLEY,

                Plaintiff,

v.                                              Case No. 22-cv-1313-pp

WEST MILWAUKEE POLICE DEPARTMENT,
KEVIN EADE, JOHN SCHAEFER,
MILWAUKEE COUNTY JAIL,
EARNELL LUCAS and INSURANCE COMPANY,

                Defendants.

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 15)**

Syris T. Birkley, who was incarcerated at the Milwaukee County Jail when he filed this case and who is representing himself, filed a complaint alleging that the defendants violated his constitutional rights. The court screened the complaint and found that it violated Federal Rules of Civil Procedure 18 and 20 because it attempted to bring unrelated claims against multiple defendants. Dkt. No. 14 at 6. The court gave the plaintiff an opportunity to file an amended complaint, which he did. Dkt. No. 15. This order screens the amended complaint.

**I.    Screening the Amended Complaint**

    A.    <u>Federal Screening Standard</u>

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The

1

court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by

plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  Amended Complaint's Allegations

The plaintiff has sued the West Milwaukee Police Department, Kevin Eade, John Schaefer, the Milwaukee County Jail, Earnell Lucas and an unnamed insurance company. Dkt. No. 15 at 1. He alleges that on November 22, 2018, an alleged armed robbery occurred at a Target store after which the defendants "participated in a 'conspiracy to violate' the constitution, codes, polic[ies], and statutory law [] by defiling their oath to uphold [and] enforce the Constitution." Id. at 2. The plaintiff states that he was unlawfully detained for the alleged armed robbery in Milwaukee County Case Number 2018CF005627, and that on December 18, 2018, Officer Schaefer arrested him. Id. at 6. The unlawful arrest and false imprisonment were allegedly caused by falsified documents and perjury of the West Milwaukee Police Department and Detective Eade's reports.[1] Id.

The plaintiff alleges that on November 23, 2018, Detective Eade stated that he reviewed the "Target footage" before writing the police report. Id. Eade allegedly falsified a legal document "on pg. 11 of 23 of the West Milwaukee Police Department report(s) Incident Report #18-008711, when they stated '[The plaintiff] re-enter[ed] the Target and concealing liquor in [his] pants and

---

[1] The plaintiff references another officer who allegedly falsified documents, but he has erased the officer's name and a blank space appears where the name used to be. Id.

3

didn't render payment." Id. at 6-7. Eade allegedly falsified other parts of the police report, and "still with full intent to fram[e] [the plaintiff] choose to falsif[y] legal sworn document to the D.A. and Judge." Id. at 7. The plaintiff states that the "footage from Target contradict[ts] what's in Eade's report that he reviewed before writ[ing] his report." Id.

A temporary felony warrant was allegedly entered in the NCIC on November 23, which expired (the plaintiff says that the expiration makes the warrant "'null & v[oi]d' after '48 hrs.'" Id. Another warrant was allegedly entered on November 26. Id. The plaintiff states that the records given to him by the state did not include any "valid warrants" and that no "Information Form" was filed within the statutory limitation, contrary to Wis. Stat. §971.01. Id.

The plaintiff alleges, "On review of the Target footage from the allege[d] robbery, it shows no robbery and or me aiding in one [] it shows nothing at all, I never stole out the store either." Id. at 9. He states that the temporary felony warrant is not a warrant and that the judge reviewed something and refused to authorize the warrant/"the CR-215 form." Id.

The plaintiff states that each officer knowingly conspired to deprive/frame the plaintiff by violating "Penal Code 118.1." Id. Eade allegedly "falsified information/evidence on material matter with full intent to injure, when Eade review[ed] the footage before writing his report." Id. The plaintiff states, "Due to said 'defamation' I was unlawfully detained, kid[]nap[p]ed, held for ransom in the Milwaukee County Sheriff Office (Jail) w[h]ere I was 'Falsely Imprisoned.'" Id. He also states that he was "unlawfully searched, property

4

seized without my permission or valid warrant(s) by (Milwaukee Police Officer; John Schaefer . . . who [forced] me into slavery." Id. The plaintiff alleges that he was placed in "slavery" at the jail and that Earnell Lucas was the sheriff at the time of the defendants' unlawful acts. Id. at 11. He was confined at the jail from December 18, 2018 to April 6, 2021, when he was released on bond. Id.

The plaintiff states that on February 17, 2022, "the unlawfull [sic] case was dismissed due to the 'Footage,' falsified documents/statement." Id. He alleges, "The evidence produce[d] mention[ed] in said complaint, information Form, and the (Affidavit) CR-215 'probable Judicial determination Form' lacks probable cause, and show[s] no constitutionally and contain[s] no essential fact constitu[t]ing the offense charged" and this is "[d]ue to the 'T[ar]get Footage' which the whole case is 'relied on [sic]." Id.

The plaintiff says that he brings the following claims against the defendants: (1) "Unlawfully detained"; (2) false imprisonment; (3) perjury; (4) false statements and fraud, "Title 18, Sect. 1018"; (5) interstate communications, "Title 18, Sect. 876 para 4"; (6) communication fraud, "Title 18, Sect 1343"'; (7) enticement into slavery, Title 18, Sect 1583"; (8) treason, "Title 18, Sect. 238"; (9) misprision of treason, "Title 18, Sect. 2382"; (10) seditious conspiracy, "Title 18, Sect. 2384"; (11) "Penal Code 118.1 [Filing False Reports]"; (12) unlawful arrest; and (13) procedural due process deprivation. Id. at 2-3. In addition, the plaintiff states that he sues the unnamed insurance company because the other defendants acted in their official capacities when they deliberately neglected their sworn duties, and their private insurance

5

company was activated when they violated the plaintiff's constitutional rights. Id. at 3-4. He says that he brings claims under Title 18 of the United States Code for: (1) "Conspiracy against rights §241"; (2) "§242 – Deprivation of rights under color of laws"; (3) "§1201 – Kidnapping"; (4) "§1203 – Hostage taking"; and (5) "§1584 – Sale into involuntary." Id. at 4. The plaintiff states that he adds a "Defamation of Character claim" because "the crime [the defendants] say [he] did was and is false, unprivileged, and name[d] defendants intentionally published/filed/written to harm and acted with a degree of legal [sic]." Id. According to the plaintiff, "[t]his is also 'slander of title' because the defendants wrote their reports off the 'video' that they revi[e]wed 'Before' 'they wrote' any report on the Target Footage, and was me[a]nt to be 'Interpreted as Factual' when the (Officers/defendant's) knew that the footage didn't show that at all!" Id.

The plaintiff alleges that because of all this, he fears for his safety both in the community and in the jail. Id. He says threats have been made on his life, and he has suffered "detrimental harm to [his] mind, body, weight loss, hair loss . . .". Id.

For relief, the plaintiff seeks $7.7 million in punitive damages. Id. at 12. He wants the insurance company to pay the full amount, as well, and for attorney fees to be added. Id. He says that "in accordance to said officer's (policy) why the above funds, companys, entit[i]es, shall pay the Full amount as wel." Id.

C.  Analysis

The plaintiff has named several entities that cannot be sued for civil rights violations under 42 U.S.C. §1983. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Milwaukee County Jail is not a person—it is not an individual subject to suit under §1983. It is true that under some circumstances, a plaintiff may sue a municipality—which is not a person—under §1983. See Monell v. Dep't of Social Serv's of City of New York, 436 U.S. 658 (1978). But Federal Rule of Civil Procedure 17(b) says that a defendant in a federal lawsuit must have the legal capacity to be sued. State law determines whether an entity has that capacity. Webb v. Franklin Cnty. Jail, Case No. 16-cv-1284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8, 2017). In Wisconsin, the jail is an arm of the sheriff's department and under Wisconsin law, the sheriff's department is an arm of the county. See Abraham v. Piechowski, 13 F. Supp. 2d 870, 877-79 (E.D. Wis. 1998). This means that the jail is not a "legal entity separable from the county government which it serves . . .." Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004). Because the Milwaukee County Jail does not have the capacity to be sued, the plaintiff may not proceed against the jail. The court will dismiss the Milwaukee County Jail as a defendant.

The plaintiff also cannot pursue a §1983 claim against the West Milwaukee Police Department because, like the Milwaukee County Jail, it is not subject to suit under §1983. Again, state law determines the capacity of an entity to sue or be sued. Fed. R. Civ. P. 17(b). Wis. Stat. §62.50 governs the

City of Milwaukee's police department, and it does not authorize the police department to sue or be sued. See Grow v. City of Milwaukee, 84 F. Supp. 2d 990, 995-96 (E.D. Wis. 2000) (abrogated on other grounds by Driebel v. City of Milwaukee, 298 F.3d 622 (7th Cir. 2002)). And because the police department is an agency of the City of Milwaukee, it cannot be sued separately from the city. See Averhart v. City of Chicago, 114 F. App'x 246, 247 (7th Cir. 2004). The court will dismiss the West Milwaukee Police Department as a defendant.

The plaintiff also cannot proceed against "Insurance Company," which he alleges is the defendants' private insurance company. Because a private insurance company is neither a "state actor" nor a "person" within the meaning of §1983, Insurance Company is not a proper defendant to plaintiff's civil rights claims and the court will dismiss it. See Brunner v. McKillip, 488 F. Supp. 2d 775, 780 (W.D. Wis. 2007); see also Bladek v. Hoff, Case No. 04-C-715, 2005 WL 8165830, at **1-2 (Feb. 23, 2005); Estate of Stinson v. Milwaukee Cnty., Case No. 21-CV-1046, 2022 WL 1303279, at *4 (May 2, 2022).

The Fourth Amendment prohibits "unreasonable" searches and seizures.

> To prevail on a Fourth Amendment claim for false arrest, [the plaintiff] must establish that [he] was arrested without probable cause. *Gaddis v. DeMattei*, 30 F.4th 625, 630 (7th Cir. 2022). "Probable cause for an arrest provides an absolute defense to a false arrest claim." *Id.* (citing *Farnik v. City of Chicago*, 1 F.4th 535, 545 (7th Cir. 2021)). And "[p]robable cause to justify an arrest exists if the totality of the facts and circumstances known to the officer at the time of the arrest would warrant a reasonable, prudent person in believing that the arrestee had committed, was committing, or was about to commit a crime." *Abbott v. Sangamon Cnty.*, 705 F.3d 706, 714 (7th Cir. 2013) (citations omitted). The inquiry is "purely objective," and "the officer's subjective state of mind and beliefs are irrelevant." *Id.* "Moreover, the court's inquiry is limited to what the officer knew at the time of the arrest and not what has been gained

from hindsight." *Harney v. City of Chicago*, 702 F.3d 916, 922 (7th Cir. 2012) (citation omitted). This knowledge is assessed from the perspective of an objectively reasonable police officer. *Abbott*, 705 F.3d at 714 (citing *Maryland v. Pringle*, 540 U.S. 366, 371 . . . (2003)).

Johnson v. Myers, 53 F.4th 1063, 1068 (7th Cir. 2022). The plaintiff may proceed on a claim against Officer Schaefer based on allegations that he arrested the plaintiff without probable cause in violation of the Fourth Amendment.

The plaintiff's allegation that Detective Eade falsified the police report about the robbery states a due process claim against Eade for fabrication of evidence because the plaintiff suffered a deprivation of liberty; he alleges that he was confined from December 18, 2018 until April 6, 2021. See Cairel v. Alderden, 821 F.3d 823, 831-32 (7th Cir. 2016) (citing Saunders-El v. Rohde, 778 F.3d 556, 561 (7th Cir. 2015)). The plaintiff may proceed on a due process fabrication-of-evidence claim against Eade.

The plaintiff has not stated a claim against former Sheriff Earnell Lucas. The plaintiff alleges only that Lucas was the Milwaukee County sheriff when the plaintiff arrived at the Milwaukee County Jail. The plaintiff does not allege that Lucas had any involvement in his arrest or in writing the police reports. Because the plaintiff has not alleged that Lucas had any involvement in the incidents described in the amended complaint, the court will dismiss Lucas as a defendant. See Rasho v. Elyea, 856 F.3d 469, 478 (7th Cir. 2017) (citations omitted).

9

The plaintiff alleges that the defendants conspired to violate his rights. The plaintiff has not stated a separate claim that the defendants conspired to violate his constitutional rights. See Ryan v. Mary Immaculate Queen Center, 188 F.3d 857, 860 (7th Cir. 1999) (bare allegation of a conspiracy does not state a claim); Alarm Detection Sys., Inc. v. Vill. of Schaumburg, 930 F.3d 812, 827 (7th Cir. 2019). Even if the plaintiff had stated a claim of conspiracy to violate his constitutional rights, the claim would add nothing to the case because the defendants are state actors, the plaintiff alleges that each defendant independently violated his rights and conspiracy is not an independent basis of liability in §1983 cases. See Smith v. Gomez, 550 F.3d 613, 617 (7th Cir. 2008).

The plaintiff cannot proceed against the defendants based on allegations that they violated federal criminal statutes (his Title 18 claims). The Executive Branch has the "exclusive authority and absolute discretion to decide whether to prosecute [criminal] cases." United States v. Nixon, 418 U.S. 683, 693 (1974). Private citizens, like the plaintiff, have no standing to sue based on any interest in prosecution of another. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). The plaintiff may not proceed on criminal claims against the defendants.

The plaintiff also alleges that the defendants violated Wisconsin state law against defamation of character because they wrote and stated that he engaged in criminal activity when they knew that he did not. Under Wisconsin law, defamation claims require that "the particular words complained of shall be set

10

Case 2:22-cv-01313-PP   Filed 10/30/23   Page 10 of 13   Document 16

forth in the complaint." Wis. Stat. §802.03; see also Schindler v. Seiler, 474 F.3d 1008, 1010 (7th Cir. 2007). The plaintiff may proceed on a claim for defamation of character and the court will exercise supplemental jurisdiction over that state law claim. See 28 U.S.C. §1367. Slander "is one form of defamation" and does not present a separate claim. See Rabideaux v. Clean Power, Case No. 09-C-680, 2009 WL 2432367, at *3 (E.D. Wis. Aug. 6, 2009).

In sum, the plaintiff may proceed on (1) a Fourth Amendment false arrest claim against Schaefer, (2) a Fourteenth Amendment due process fabrication-of-evidence claim against Eade and (3) Wisconsin state law defamation of character claims against Schaefer and Eade. The plaintiff may not proceed on any other claims and the court will dismiss the remaining defendants.

## II. Conclusion

The court **ORDERS** that defendants West Milwaukee Police Department, Milwaukee County Jail, Sheriff Earnell Lucas and Insurance Company are **DISMISSED**.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the amended complaint and this order on defendants Kevin Eade and John Schaefer under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28

11

C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendants Kevin Eade and John Schaefer to file a responsive pleading to the amended complaint.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are not incarcerated or who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

---

[2] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if his address changes. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 30th day of October, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**